IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | No. 3:02-cr-04 |
| ) | |
| JOHN WAYNE BILLS ) | |

**MEMORANDUM AND ORDER**

On October 29, 2002, the defendant pled guilty to the sole count of the indictment charging him with bank robbery by force, violence and intimidation in violation of 18 U.S.C. § 2113(a) [*see* Doc. 22]. On March 26, 2003, the court entered a provisional judgment of 240 months pursuant to 18 U.S.C. § 4244(d), the court having determined that the defendant was then suffering from a mental disease or defect so that the defendant should be committed for the maximum term of imprisonment to a suitable facility for care and treatment [*see* Docs. 29-30]. Because the Director of that facility has filed a certificate pursuant to 18 U.S.C. § 4244(e) that the defendant has recovered from his mental disease or defect to such an extent that he no longer needs to be in his custody for care or treatment, a final sentencing hearing is presently set for February 15, 2007.

A review of the file reflects that defendant's attorney of record, AFCD Kim A. Tollison, has filed two objections to the presentence report (PSR). Because each objection contains a strictly legal component, the court is of the opinion that it would be in the interest of justice to adjudicate those legal issues prior to the sentencing date to narrow the focus of that hearing.

To analyze these two objections, a recapitulation of the underlying facts is in order. The record reflects that the parties did not file a written stipulation of facts; rather, defendant agreed to the following facts orally proffered by the government:

> On December 10, 2001, the defendant did approach a teller at the First Volunteer Bank in Jellico, Tennessee, wearing a pantyhose mask and a black hooded sweatshirt. He handed the teller a note that read "money plus note now." As a result, the teller handed him approximately $3,270 in cash which she had just finished bundling in some red ties that the bank had date stamped.
>
> The defendant ran out of the bank with the money and down the street towards a back yard in a nearby residence in Jellico. He changed clothes in the back yard and put on a navy blue shirt with the number 22 on it. Neighbors saw the defendant leave the back yard with that shirt on, reported it, and police officers soon approached the defendant on a nearby street wearing that shirt.
>
> When they approached him, a violent struggle ensued. Sgt. Tony Day of the Jellico Police Department sustained two broken, two breaks in his leg, as a result of the struggle. The defendant was arrested, and he was

> searched and he was found to have $3,270 in cash still wrapped in the bank's red ties in his pockets.
>
> Now, at the time of this which was, again, December 10, 2001, the Jellico, the bank in Jellico, that is the First Volunteer Bank, had its deposits insured by the FDIC.

[*See* Doc. 23, pp.3-4]. Defendant then admitted, in effect, that he agreed with this version of the facts [*id.*, p.4].

Defendant first contends that he should not receive a six level upward adjustment, pursuant to U.S.S.G. §2B3.1(b)3(C) due to the permanent bodily injury allegedly suffered by Sgt. Day during the struggle with defendant subsequent to the bank robbery. Defendant's argument on this issue has two prongs, the first a legal argument and the second a factual argument. Defendant's legal argument is that this subsection applies only to the "victim" of the bank robbery and that Sgt. Day is not a victim of the robbery since he encountered the defendant after he had been detained by Jellico Police Chief Ned Smiddy. Defendant also contests the factual allegation that Sgt. Day suffered a permanent injury. The court understands that Sgt. Day will be present at the sentencing hearing and will testify regarding the extent of his injuries. Therefore, the court does not intend to address this factual issue at this time. The court will, however, address the legal issue as to whether or not Sgt. Day can be considered a "victim" of the robbery under the sentencing guidelines.

3

The court agrees with the probation officer's determination that this issue has been fully resolved by the United States Court of Appeals in *United States v. Muhammad*, 948 F.2d 1449 (6th Cir. 1991). In that case, the Sixth Circuit rejected defendant's contention that, "'The robbery was completed upon leaving the bank and carrying the monies that were not lawfully the property of the defendants.'" *Id.* at 1456. The Sixth Circuit then observed as follows:

> We find that such a time constrained reading artificially circumscribes the crime of robbery and the meaning of victim for §2B3.1(b)(3) purposes. As the crime of bank robbery cannot be completed without some form of flight or attempted flight, the crime is more naturally understood to include the act of fleeing and the immediate consequences of such flight. Thus, we find the language "any victim" in §2B3.1(b)(3) was meant to include any employee, bystander, customer, or *police officer who gets assaulted* during the bank robbery or *during an attempted get-away*.

*Id.* (emphasis added) (citations omitted). Consequently, this court finds that Sgt. Day is a "victim" of the bank robbery under §2B3.1(b)(3) because he was a uniformed police officer who was assaulted during defendant's attempted get-away after the bank robbery. Accordingly, the court hereby OVERRULES defendant's objection on this issue.

Defendant next objects to the PSR's proposed three-level upward adjustment for his assault of a law enforcement officer. More specifically, defendant

4

contends that since he was arrested in Kentucky by Tennessee police officers, those officers had no police powers and were instead acting as purely private citizens.

U.S.S.G. §3A1.2(b)(1) states, "if, in a manner creating a substantial risk of serious bodily injury, the defendant or a person for whose conduct the defendant is otherwise accountable - knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom ... increase by three levels." Here, the PSR recommends, and rightly so, that defendant's offense level should be increased in this manner because the defendant assaulted not only Sgt. Day but also Chief Smiddy. Again, as just noted, both of these officers were in Jellico Police Department uniforms. Thus, there can be little doubt that the defendant recognized these individuals as police officers. The Sixth Circuit has upheld the application of this enhancement even in a situation in which the police officer was not in uniform and was driving in an unmarked automobile. *See United States v. Adams*, 214 F.3d 724, 729 (6th Cir. 2000). The fact that these two police officers happened to cross over from Tennessee into Kentucky in this border town of Jellico, Tennessee, simply has no significance to the application of this enhancement in the court's view, especially given the fact that defendant committed the assault upon these officers during his "immediate flight" from bank robbery. Defendant's objection on this basis is therefore OVERRULED.

IT IS SO ORDERED.

                                     *s/ James H. Jarvis*
                                     UNITED STATES DISTRICT JUDGE